IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM T. JOHNAKIN, 3rd, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 22-3816 |
| OFFICER DROSDAK, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

SMITH, J.                                                                                           SEPTEMBER 30, 2022

William T. Johnakin, a detainee in custody at Berks County Jail ("BCJ"), brought a prior civil rights action in which he named as Defendants Officer Drosdak, Warden Jeffrey Smith and Chief Deputy Warden Stephanie Smith and asserted claims based on a violation of the Prison Rape Elimination Act ("PREA"), a right to privacy in his jail cell, sexual harassment, and a violation of the Equal Protection clause. *See Johnakin v. Drosdak*, No. 22-2575 (E.D. Pa.). Upon statutory screening pursuant to 28 U.S.C. § 1915, the PREA, privacy and sexual harassment claims were dismissed with prejudice, while Johnakin's equal protection claim was dismissed without prejudice, and Johnakin was permitted to file an amended complaint. *See Johnakin v. Drosdak*, No. 22-2575, 2022 WL 2651969 (E.D. Pa. July 8, 2022). The case was then dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) when Johnakin's attempt at amendment failed to cure the defects in his claims that the Court had previously identified and his additional claim for money damages under the Pennsylvania Constitution was also found to be implausible. (*See* Civ. A. No. 22-2575, ECF Nos. 9, 10 (Memorandum and Order filed Sept. 28, 2022).)

1

Johnakin has now filed this second civil rights action naming the same defendants[1] in their official and individual capacities and raising similar claims that, on June 9, 2022, Defendant Drosdak violated the PREA while Warden Smith and Deputy Warden Smith allowed the incident and others committed by Drosdak "to go unchecked." (Compl. (ECF No. 3) at 3-4.)[2] In the new case, Johnakin adds an additional claim that Drosdak violated the Pennsylvania "Inmate Bill of Rights." (*Id*. at 3, 4.) Because Johnakin's claims, other than the "Inmate Bill of Rights" claim, were fully adjudicated and dismissed with prejudice in No. 22-2575, they are again dismissed with prejudice for the reasons previously provided. Because the "Inmate Bill of Rights" claim is also not plausible, the new case will be dismissed with prejudice in its entirety.

I.   **FACTUAL ALLEGATIONS**

Johnakin again alleges that on June 9, 2022 at 7:30 a.m. he covered the glass window of his cell door indicating that he was using the toilet. (No. 22-3816, Compl. (ECF No. 3) at 6.)

---

[1] Possibly because he believes that prison officials failed to mail his pleadings in his first case to the Clerk of Court, Johnakin filed this second civil rights action naming the same defendants, asserting he "gave [his pleading] to the jail to send into the court and they never sent it." (ECF No. 3 at 6.) As the Court noted in screening the identical claim in No. 22-2575,

> Johnakin also appears to assert that Warden Smith and Chief Deputy Warden Smith "tampered" with his original Complaint in this case. He asserts he "filed this 1983 pro se civil suit on 6/21/22 and the jail never sent it into the Court. This is tampering . . . ." (ECF No. 8 at 5.) The Court understands this allegation to be asserting a violation of Johnakin's right to access the courts. A prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*)
> In screening this access to the courts claim, the Court may consider matters of public record. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). The public docket for this case confirms that Johnakin's original Complaint, his Motion for Leave to Proceed *In Forma Pauperis*, and his prisoner trust account statement were received by the Clerk of Court on June 27, 2022. (*See* ECF Nos. 1, 2, 3.) To the extent Johnakin asserts a separate claim against the Defendants for violating his right to access the courts by tampering with his original Complaint, the public record is conclusive that this claim is not plausible, and it will, accordingly, be dismissed with prejudice.

(*Johnakin*, No. 22-2575, ECF No. 9 at 2 n.2.) To the extent the allegations that prison officials failed to submit his pleadings to the Court again attempts to assert an access to the courts claim, it is dismissed with prejudice for these same reasons.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Officer Drosdak, who is female, opened his door without knocking so that other inmates outside the cell could see Johnakin on his toilet, looked at Johnakin, and asked him if was "using the toilet? Hurry up I gotta search your cell["]. (*Id*.) According to Johnakin, she watched as he finished on the toilet and would not let him put on pants or shoes. (*Id*.) Johnakin claims this is the third time has had an incident with Drosdak in the past five years while he was detained for periods at BCJ, but does not specify the nature of the other incidents. (*Id*.) He asserts that Drosdak "does not respect and [sic] Black or [L]atino inmate." (*Id*.) The following day, Johnakin filed a grievance and PREA report about the incident but has received no response. (*Id*.) In addition to the allegation that they let the incident "go unchecked," Warden Smith and Chief Deputy Warden Smith have allegedly "done nothing about [Drosdak's] conduct. This lets her know that she can continue to do what she wants with no consequences." (*Id*. at 7.)

## II. STANDARD OF REVIEW

The Court grants Johnakin leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter*

---

[3] Because Johnakin is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

*v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Johnakin is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

To the extent that the official and individual capacity claims raised in this case are the same as the claims Johnakin raised in his prior case, they are dismissed with prejudice for the reasons the Court has already stated.  *See Johnakin*, 2022 WL 2651969 (E.D. Pa. July 8, 2022); *Johnakin*, No. 22-2575, ECF Nos. 9, 10 (Memorandum and Order filed Sept. 28, 2022).  The only new claim for money damages asserted in this case that was not previously adjudicated is Johnakin's claim that Drosdak violated the Pennsylvania "Inmate Bill of Rights."  While not entirely clear, Johnakin appears to be referencing either internal prison regulations at Berks County Jail or a prisoner handbook the he contends confers additional "rights" on prisoners in Pennsylvania.  In neither event can he assert a plausible constitutional claim.  As many courts have held, corrections officials cannot be held liable for failing to conform to procedures outlined in inmate handbooks and other internal prison procedures."  *Bowman v. Wetzel*, No. 20-135, 2020 WL 3258946, at *6 (W.D. Pa. June 16, 2020) (citing cases); *see also Curry v. McCann*, No. 18-5444, 2019 WL 77441, at *7 (E.D. Pa. Jan. 2, 2019) ("Even if Curry was asserting a claim against C.O. McCann based on this questioning, 'a prison's departure from the policies and procedures outlined in the facility's handbook does not, in and of itself, amount to a constitutional violation actionable under § 1983.'") (citing *Laufgas v. Speziale*, No. 04-1697, 2006 WL 2528009, at *7 n.7 (D.N.J. Aug. 31, 2006)).  Accordingly, this claim too must be dismissed, and since attempt at amendment would prove futile, the dismissal is with prejudice.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir.

4

2002) (holding that leave to amend in *pro se* cases should ordinarily be granted "unless amendment would be inequitable or futile.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Johnakin's Complaint in its entirety with prejudice. An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.